VAUGHAN'S SEED STORE, INC., PLAINTIFF-RESPONDENT,
v. MORRIS APRIL & BROS., DEFENDANT-APPELLANT.

Submitted May 2, 1939—Decided July 28, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PORTER.

For the plaintiff-respondent, *Powell & Erickson.*

For the defendant-appellant, *David L. Horuvitz.*

BROGAN, CHIEF JUSTICE. This is an appeal from a judg-
ment of the Court of Common Pleas of Cumberland county,
entered upon the trial court directing the jury to find a ver-
dict for the plaintiff for the full amount of its claim.

The complaint is in two counts. The first sets up an
alleged debt due from the defendant on a book account; the
second count demanded the sum claimed on the book account,
for goods sold and delivered "under an agreement between
the parties that a reasonable price" for the goods purchased—
a shipment of onions—would be paid by the defendant.

The defense was that the goods were not up to the warranty under which they were sold in that they were not marketable, were "defective in quality" and "were not standard."

At the close of the case the court said that there was in fact an agreement between the parties and that the defendant's order was subject to certain conditions imposed by the plaintiff which the defendant accepted and that those conditions expressly excluded warranty of any kind and, further, that objection to the goods on the buyer's part would not be entertained unless made within five days of receipt of the goods; that the defendant admitted that no complaint of any kind was made until after the five-day period had passed, whereupon the court directed the jury to find in favor of the plaintiff and against the defendant for the amount of the bill.

It is argued that the court erred in directing this verdict; that the pleadings being based on two counts—first, the book account and, second, for the reasonable value of the goods—the court erred in directing the verdict because he considered the claim as having been brought on written contract "with certain disclaimers of warranty attached thereto." We think, however, that there is no merit in these points. The order for the goods was solicited by the plaintiff's salesman, Gluck, over the telephone and was not closed until it was accepted by the plaintiff company. The order was forwarded to the business office of the plaintiff and shortly thereafter was accepted with certain conditions attached thereto. The acceptance from the New York office of the plaintiff is dated November 28th, 1936. In brief, it recites the terms and conditions under which sale was made. It set forth that the shipment was to be made about February 1st, 1937, specified the commodity sold, expressly stated that no complaint would be entertained unless made within five days after receipt of the goods, and further stated that there was no warranty attaching to the commodity, either express or implied. Whether the commodity came up to the defendant's idea of standard became immaterial in the trial of the case since no complaint was made by the purchaser within the time fixed by the seller in the acceptance of the order.

The defendant, in its opening to the jury, frankly admitted that it was indebted to the plaintiff for some amount but that it objected to paying the whole claim because the goods were of inferior quality. But, in our view, the written acceptance of the defendant's order by the plaintiff and the conditions embodied therein are binding on the defendant. The acceptance was sent the defendant by the plaintiff on November 28th, 1936. The goods were shipped F. O. B. Chicago early in February and arrived here on February 9th, 1937. No complaint was made by the buyer until February 15th, which was the sixth day after the goods arrived.

The main argument of the appellant is that the case was tried as though on written contract. This is true and the plaintiff's proof was along that theory. The written acceptance of the defendant's order was admitted in evidence without objection from the defendant who, from the proof in the case, knew that there was no agreement between it and the plaintiff seller until the written acceptance of its order was received. The acceptance memorandum should have been annexed to and made part of the complaint. In aid of an affirmance such amendment will be considered here as made. Application will be made to the trial court and said court directed to make such amendment. *Cf. Boniewski* v. *Polish Home of Lodi,* 103 *N. J. L.* 325.

The other points made by the appellant are all addressed to questions asked certain witnesses by defendant which the trial court excluded. We have examined these questions and find that they were immaterial or irrelevant and in some instances both.

The judgment will be affirmed, with costs.